SAMUEL ZIRN, Appellant, v. CLIFTON N. BRADLEY et al., Respondents.—
Appeal by plaintiff from an order insofar as it denies his motion to strike out
defendants' amended answer as not being in compliance with an order dated
January 4, 1946, as modified, and affirmed by an order of this court dated
February 25, 1946 (*ante*, p. 829). Order affirmed, with $10 costs and disburse-
ments, and plaintiff's time to move under rule 103 of the Rules of Civil Practice,
against said amended answer is extended until ten days from the entry of
the order hereon. No opinion. Lewis, P. J., Carswell, Johnston, Adel and
Nolan, JJ., concur.

### (May 27, 1946.)

ELEANOR H. BOWMAN, Respondent, v. CHARLES N. TALBOT, Defendant, and
JESSICA D. TALBOT, Appellant.— In an action in equity to enforce plaintiff's
right in a joint venture, defendant Jessica D. Talbot's motions to dismiss the
complaint as insufficient, and for judgment on the pleadings, were denied.
Orders affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J.,
Hagarty, Carswell, Johnston and Adel, JJ., concur.

LENA CRESCENTI, Respondent, et al., Plaintiffs, v. BROOKLYN HOSPITAL,
Appellant.— In an action by plaintiff wife to recover damages for personal
injuries and by her husband for expenses and loss of services, etc., wherein
plaintiff wife claimed that she was caused to slip and fall by reason of vomit
on a step of a stairway in the defendant hospital down which she was proceed-
ing after a visit to her daughter, who was a patient therein, the plaintiff wife
had a verdict, upon which judgment was entered in her favor, and the defend-
ant appeals. Judgment, as amended, insofar as appealed from, reversed on the
law and the facts and a new trial granted, with costs to abide the event. The
verdict of the jury is contrary to the weight of the credible evidence. There
was also prejudicial error in the admission in evidence of the alleged conver-
sation between the niece of plaintiff wife and a person claimed to have been
dressed in a nurse's white uniform when said plaintiff and her niece arrived
on the second floor of the hospital to visit the daughter. Neither the identity
of this person nor her relationship, if any, to the defendant was in any way
established by the evidence. While the alleged statement of this person was
struck out by the court at the close of plaintiffs' case, it was during the absence
of the jury, which was not instructed that it had been struck out, or that it
should be disregarded. In view of the sharp conflict in the evidence as to the
existence of the alleged vomit, it cannot be said that the error in the admission
of this evidence was not prejudicial. Hagarty, Acting P. J., Carswell, Johns-
ton, Aldrich and Nolan, JJ., concur.

In the Matter of the Estate of HENRY N. CORWITH, Deceased. DOROTHY W.
CORWITH, Appellant; ELLIS T. TERRY, as Temporary Administrator of the
Estate of HENRY N. CORWITH, Deceased, et al., Respondents.— Upon appeal
by the widow of decedent from an order of the Surrogate's Court of Suffolk
County directing the temporary administrator to sell certain of the assets of the
decedent's estate, the appeal is dismissed, without costs. Upon the application
for the order appellant was served with a citation, but she did not appear in
opposition. (Civ. Prac. Act, § 557.) Lewis, P. J., Hagarty, Carswell, Johnston
and Adel, JJ., concur.